# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:20CR00020 |
| v.  ) | **ORDER** |
| ) | |
| **JAMES LOUIS JORDAN,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.  ) | |

Upon the recommendation of the Federal Medical Center, Butner, North Carolina, as contained in its Annual Forensic Update of Defendant dated April 26, 2023, ECF NO. 132, made pursuant to 18 U.S.C. § 4243, and without objection by the parties, Defendant may be placed in a suitable state mental health facility, subject to the conditions set forth as follows.

## CONDITIONS

1. Upon his transfer, Defendant must always reside at a secure Massachusetts State Hospital psychiatric facility in the Commonwealth of Massachusetts. Defendant must reside at the facility under 24-hour monitoring and remain confined to the approved, secure psychiatric facility at all times. Defendant must not be released, discharged, or transferred from the facility without approval by the clinical hospital staff and an express written Order of approval by this Court after the government has been given notice and an opportunity to respond.

    a. Defendant's hospital residence must be free of actual or imitation firearms, destructive devices, or other deadly weapons. Defendant must abide by all rules, regulations, and policies of the hospital facility in which he resides. Hospital staff must notify the U.S. Probation Officer immediately if Defendant absconds from the facility or violates any other rules or regulations of the facility.

    b. If Defendant becomes volatile because of his mental health status and cannot be de-escalated in accordance with his individualized plan, the treatment provider and facility must call local law enforcement and notify the U.S. Probation Officer.

2. Defendant must be supervised by the United States Probation Office for the District of Massachusetts and must comply with all the standard conditions of supervision and the specific conditions set forth herein:

    a. Defendant will answer truthfully all inquires by his U.S. Probation Officer and follow all instructions of his U.S. Probation Officer or a designee.

    b. Defendant must sign all Release of Information documents that are required by any professional providing services. Defendant must waive his right to confidentiality regarding his mental health treatment in order to allow sharing of clinical information with the Court, the U.S. Probation Officer, the Federal Public Defender's Office, the U.S. Attorney's Office, and the Federal Bureau of Prisons officials, who will monitor Defendant's progress.

    c. Defendant must permit his U.S. Probation Officer to visit him any time at his secure Massachusetts State Hospital facility and permit confiscation of any

contraband observed in plain view by the U.S. Probation Officer. Defendant must submit to the search of his person, Massachusetts State Hospital room, and property, whenever Massachusetts State Hospital personnel have a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving Defendant and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. Defendant must submit to the seizure of contraband found by Massachusetts State Hospital personnel. Massachusetts State Hospital personnel must report the results of such searches to the U.S. Probation Officer.

d. Defendant must provide his U.S. Probation Officer with access to any requested financial information. Defendant must work with an approved agency with payee services to manage his finances at the direction of the U.S. Probation Officer.

3. Defendant must remain in treatment and maintain any prescribed medications, including:

a. Submitting to a mental health evaluation/treatment program.

b. Maintaining active participation in a regimen of inpatient care at the secure Massachusetts State Hospital psychiatric facility at which he resides, including attending any appointments scheduled for him by his treatment providers.

c. Following all rules, regulations, and instructions of any treatment staff and complying with the treatment regimen recommended by his treatment providers.

    d. Continuing to take any medication prescribed by a qualified psychiatrist or physician until directed to cease such medication by a qualified psychiatrist or physician. Defendant must accept the administration of any medication via injection, where applicable, at the recommendation of his treatment providers.

    e. Submitting to blood draws and other monitoring in order to ensure that Defendant is compliant with the prescribed medication regimen.

4. Defendant must participate in an in-house substance abuse evaluation and any subsequent in-house treatment or therapy program specializing in substance abuse (alcohol or drug), which may include random drug testing, as directed by his treatment provider.

5. Defendant must not:

    a. Use alcohol, illegal narcotic substances, or drugs. He may be required to submit to testing for the use of drugs and alcohol at the direction of his treatment providers or his U.S. Probation Officer.

    b. Have in his possession, at any time, actual or imitation firearms, destructive devices, or other deadly weapons.

    c. Travel outside of the hospital grounds. Should the Defendant need to travel outside of the hospital grounds on an emergent basis, he must be accompanied by two staff members, and the U.S. Probation Officer must be notified immediately.

    d. Commit a federal, state, or local crime. Defendant will immediately notify his U.S. Probation Officer within 24 hours if he is arrested or questioned by any law enforcement officer.

    e. Be released, transferred, or discharged from the secure Massachusetts State Hospital psychiatric facility at which he resides without express written Order of approval by this Court after the government has been given notice and an opportunity to respond.

    f. Have contact, whether direct or indirect, including by the use of a third party, with any of the victims in this case or their families, or any other individuals identified by the U.S. Probation Officer. Such prohibited conduct includes in-person contact, as well as contact using the internet, e-mail, telephone, social media, or written correspondence.

6. Any treatment provider must promptly notify the U.S. Probation Officer of any changes in the Defendant's prescribed regimen of medical or psychiatric care, including any failure by Defendant to comply with medication or cooperate with the other requirements of the conditions listed above.

7. The U.S. Probation Officer must file annual reports with the Court concerning the Defendant's mental condition and compliance with these conditions, and provide copies to the United States Attorney, Defendant's legal counsel, and the Warden of FMC Butner.

8. Upon receipt and verification of this Order and prior to the actual date and time of release, the Bureau of Prisons must notify the appropriate persons to schedule an arrival date, finalize the release paperwork, make transportation arrangements, arrange the initial appointment for mental health care, and contact the assigned U.S. Probation Officer. The U.S. Probation Officer must notify the Court of the actual release date from FMC Butner. Prior to the actual date and time of release from FMC Butner, the

      U.S. Probation Officer also must assess and evaluate the Massachusetts State Hospital psychiatric facility and treatment program and notify the Court as to whether the facility and treatment program meet all the Court's conditions of release. The Bureau of Prisons must release Defendant directly to a secure Massachusetts State Hospital psychiatric facility, after all release arrangements are satisfactory and complete.

9. These conditions must not be modified without an express written Order of the Court after notice to the government and an opportunity to respond.

The Clerk shall provide a copy of this Order to the United States Probation Office and to the Warden of the Federal Correctional Complex, Federal Medical Center, P.O. Box 1600, Butner, NC 27509.

                                     ENTER: October 4, 2023

                                       /s/ JAMES P. JONES
                                       Senior United States District Judge